| | |
|---|---|
| Your Name: | George Jarvis Austin |
| Address: | 2107 Montauban Court |
| Phone Number: | 209.915.6304 |
| Fax Number: | |
| E-mail Address: | gaustin07@berkeley.edu |

Pro Se Plaintiff

**FILED**
NOV 22 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

George Jarvis Austin

Plaintiff,

vs.

ABC Legal

Defendant.

Case Number  C 21-09076 SK  *[leave blank]*

**COMPLAINT**

DEMAND FOR JURY TRIAL
Yes ✔  No ☐

## PARTIES

1. Plaintiff. [*Write your name, address, and phone number. Add a page for additional plaintiffs.*]

| | |
|---|---|
| Name: | George Jarvis Austin |
| Address: | 2107 Montauban Court |
| Telephone: | 209.915.6304 |

COMPLAINT
PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

2. Defendants. [*Write each defendant's full name, address, and phone number.*]

Defendant 1:
Name:      ABC Legal
Address:   633 Yesler Way Seattle, WA 98104
Telephone: (206) 521-2885

Defendant 2:
Name: _____
Address: _____
Telephone: _____

Defendant 3:
Name: _____
Address: _____
Telephone: _____

## JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

[✔] under <u>federal question jurisdiction</u> because it is involves a federal law or right.

[*Which federal law or right is involved?*] Retaliation, Discrimination, Title VII _____.

[ ] under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

COMPLAINT
PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

# VENUE

*[The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.]*

4. Venue is appropriate in this Court because:

   [✔] a substantial part of the events I am suing about happened in this district.

   [ ] a substantial part of the property I am suing about is located in this district.

   [ ] I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

   [ ] at least one defendant is located in this District and any other defendants are located in California.

# INTRADISTRICT ASSIGNMENT

*[This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.]*

5. Because this lawsuit arose in  Alameda  County, it should be assigned to the  San Francisco/Oakland  Division of this Court.

# STATEMENT OF FACTS

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

See attached.

COMPLAINT
PAGE ___ OF ___  *[JDC TEMPLATE – Rev. 05/2017]*

George Jarvis (J).. Austin, esq. (TBA)
Austin v. ABC Legal, et. al. Case #**TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,                    Complaint

v.

ABC Legal

Case No. **TBA**

George Jarvis (J).. Austin, esq. (TBA)
Austin v. ABC Legal, et. al. Case #**TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

## FACTS

I took position that was fairly easy to complete (especially in comparison to maintaining Straight A's the last 8 semesters, while being care-taker, recovering from injury, although time, and sometime energy intensive, that allowed for previous on the job (leg injuries at Tesla), and (back and neck injuries in car accident) to fully heal, and also pay a decent wage. However, while working Plaintiff has experienced sabatoge, intentional discrimination, and animus (when inquriing about concerns from situations that emerged, and misinformation from a partner/colleague, etc). Plaintiff went out of his way to inquire, follow up, and proactively provide remedies for issues not addressed by current advice, or not available on the current technology platform. Plaintiff received specific mis-information from a colleague and their company training representative that literally told me the wrong timeframe for completing a set of projects. That misinformation which Plaintiff relied on set his timetable considerably back, and reached out not only for correction of that specific issue, but the backlog and domino effect it had in the very short term. In another set of projects Plaintiff was made aware of the company's ability to extend the deadline for projects (which could have happened with the first set, but not only did they refuse, but penalized for their own misinformation). No response or remedy has yet to be provided. Several technological mishaps, irregularities, and errors emerged that prompted even more inquiry from Plaintiff to ensure the correct procedures and processes were executed to produce smooth and excellent results. Most recently after receiving some very curt tone from a colleague and inquiring was she ok, because the inquiry and tone, didn't match (and was unproductive under circumstances especially given the company's recommended course of action could bring negative legal action on Plaintiff at no fault of his own and wanted to make aware of potential legal liability under present

George Jarvis (J).. Austin, esq. (TBA)
Austin v. ABC Legal, et. al. Case #**TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

practices).  Plaintiff was seeking the best remedy to avoid or resolve as well as a framework going forward to any similar circumstances that didn't neatly fit into current patterns, explanations, or recommendations.  Yet, again after speaking, and cc'ing key members of the team no response was provided.  Plaintiff received a follow up from Mindy Anderson, a key training member saying explicitly to contact her with questions, and Plaintiff did, which she initially responded to, but the fundamental question, asked in the previous inquiry was never resolved, and the ongoing issues, never corrected.  Instead there has been an inexplicable, and without explanation, pause on his workflow/assignments, and no direct questions are being answered.

## JURISDICTION

Under Article III of the Constitution, Federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States…" See US Const, Art II, Sec. 2   The Supreme Court has interpreted the clause broadly to hear any case with a federal ingredient.  See Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824).  Jurisdiction is proper under Federal question jurisprudence.  Because of issues of discrimination, retaliation, and other wrongs, as a Black man, the Federal Question Jurisdictional standard is met.

## INTENTIONAL DISCRIMINATION

ABC Legal's strange, and discriminatory conduct, singling out Plaintiff for inferior treatment, lack of communication, misinformation (seemingly to set him up for a negative consequence without correction or remedy, even though it was their own mistake(s))  and choices to violate policy, and their own standard operating procedures, evidence disparate treatment of Plaintiff (who disclosed

George Jarvis (J).. Austin, esq. (TBA)
Austin v. ABC Legal, et. al. Case #**TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

protected statuses prior to entering contract with them).  See Jauregui v. City of Glendale, 852 F.2d 1128, 1134 (9th Cir. 1988) ("An individual suffers "disparate treatment " when ... "singled out and treated less favorably .... (prima facie case may be made "without any direct proof of discriminatory motivation."). ")  See also McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1121-22 (9th Cir. 2004).. .simply...demonstrating that a discriminatory reason more likely than not motivated [is sufficient])).  Compensatory, and punitive, damages are available for the harm inflicted by Defendant's discriminatory behavior.  See Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1195 (9th Cir. 2002)  Utilizing the statutorily defined minimum standards for first person claimant as a baseline against which disparate treatment can be measured, the Ninth Circuit has held in multiple cases that when factors indicate differential treatment liability ensues.  See Pacific Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142, 1158 (9th Cir. 2013) ("[Ninth Circuit] cases clearly establish that plaintiffs who allege disparate treatment under statutory anti-discrimination laws 'need not' demonstrate ... a similarly situated entity ...treated better.)

## RETALIATION

Plaintiff was Retaliated against by Defendant ABC Legal for engaging in Constitutionally protected activity, and alerting the company that there was misinformation provided by them, or their company representatives, causing detriment to him and his safety.  Instead of a proactive response, or even a response at all Plaintiff was retaliated against to his detriment, and against company policy, and the law.  Under 42 U.S.C. § 1983 a Retaliation in Violation of Federal Civil Rights, or "claims [of] retaliation for exercising a constitutional right, the majority of federal courts require the plaintiff to prove that (1) he or she was engaged in constitutionally protected activity, (2) the defendant's retaliatory action caused the plaintiff to suffer an injury that would likely deter a

George Jarvis (J).. Austin, esq. (TBA)
Austin v. ABC Legal, et. al. Case #**TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

person of ordinary firmness from engaging in that protected activity, and (3) the retaliatory action was motivated, at least in part, by the plaintiff's protected activity." See Tichinin, supra, 177 Cal.App.4th at pp. 1062–1063. According to the Department of Justice's *Federal Coordination and Compliance Section TITLE VI LEGAL MANUAL* "It is well-settled that Title VI supports retaliation claims. See, e.g., Peters v. Jenney, 327 F.3d 307, 318 (4th Cir. 2003); Chandamuri v. Georgetown Univ., 274 F. Supp. 2d 71, 83 (D.D.C. 2003); Gutierrez v. Wash. Dep't of Soc. & Health Servs., CV-04-3004-RHW, 2005 WL 2346956, at *5 (E.D. Wash. Sept. 26, 2005). The Supreme Court has defined retaliation as an intentional act in response to a protected action. See Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005). The complained of matter need not be a complaint; it can be any lawful conduct that an individual engages in connected with a protected right. "The very concept of retaliation is that the retaliating party takes action against the party retaliated against after, and because of, some action of the latter." See Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 514 (1958). It carries with it the notion of "getting even." See id. As noted in a 2011 law review article: Retaliation is a deliberate action used to send a clear message that complaining is unwelcome and risky. It is employed to instill fear in others who might consider making a complaint in the future. Those with cause for complaining are frequently among the most vulnerable in an institution. Once they complain, they are labeled "troublemakers." Retaliation, and the fear of retaliation, becomes a potent weapon used to maintain the power structure within the institution. See Ivan E. Bodensteiner, The Risk of Complaining¾Retaliation, 38 J.C. & U.L. 1, 1 (2011)."

## BREACH OF CONTRACT

ABC Legal's discriminatory, negligent, and retaliatory conduct and communication (or intentional non-communication to Plaintiff's detriment) is in breach of their contract with Plaintiff (according

George Jarvis (J).. Austin, esq. (TBA)
Austin v. ABC Legal, et. al. Case #**TBA**
240 E. Channel St. #1354 Stockton, CA 95202, or alternatively
2107 Montauban Ct., Stockton, CA 95210

to their own standards, policy, contract language, as well as the law) both it's plain terms, as well as implied covenant of good faith and fair dealing. See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 818 (9th Cir. 2014) ("To succeed on its breach of contract claim, [Plaintiff] establish[ed] a contract, [Plaintiff's] performance ..., [Insurer Kemper's] breach, and resulting damages to [Plaintiff]). Here the breach is multifold in that Plaintiff was provided initial misinformation, based on the companies response to that apparently intentionally, to set up for a negative consequence. The follow up negative response pattern, at times apparently intentionally insulting, discriminatory, or threatening by member of their team, to the point I had to ask whether that person was "OK?" demonstrates breaches to the letter and spirit of the contract.

## REMEDY

Plaintiff seeks all available remedies including compensatory, and punitive damages.

# DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

# DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

[✔] Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 11/18/21        Sign Name: *[signature]*

Print Name: George Jarvis Austin

COMPLAINT

PAGE ___ OF ___   *[JDC TEMPLATE – 05/17]*