UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>ABC LEGAL,<br><br>  Defendant. | Case No. 21-cv-09076-SI<br><br>**ORDER ON PENDING MOTIONS**<br>Re: Dkt. Nos. 15, 17, 20, 22, 23 |

Before the Court are various motions filed by plaintiff, George Jarvis Austin: (1) a motion for default judgment by the court, Dkt. No. 15, (2) motions for recusal and/or reassignment of case, Dkt. Nos. 17, 22, 23 (identical filings), and (3) a motion for leave to file an amended complaint, Dkt. No. 20. For the reasons discussed below, the Court will **DENY** the motion for default judgment and the motions for recusal and/or reassignment. The motion for leave to amend is moot; plaintiff may file an amended complaint by January 5, 2022 as a "matter of course." The Court **VACATES** the hearing set for December 17, 2021 per Local Rule 7-1(b), finding oral argument unnecessary for resolution the issues raised in plaintiff's motions, and in any event, plaintiff's scheduling of the hearing fails to abide by Local Rule 7-2(a).

**1. Default Judgment**

Plaintiff's motion for default judgment prospectively asks the Court to grant default judgment on December 30, 2021 at 2:00 pm if defendants do not respond by that date. Dkt. No. 15. The motion for default is premature. A party cannot move for default in anticipation of a future failure to respond. *See* Fed. R. Civ. P. 55(a) (clerk's entry of default appropriate when "a party against whom a judgment for affirmative relief is sought *has failed* to plead or otherwise defend…") (emphasis added). Further, defendants filed a responsive motion to dismiss on December 15, 2021. Dkt. No. 18. Accordingly, the Court **DENIES** the motion for default.

**2. Recusal and/or Reassignment**

Plaintiff's repeated motions for recusal and/or reassignment are based on alleged "docketed conflict of interest, by Judge SI, but refusal to share that information when Plaintiff requested, on the record, and docket, and subsequent Judicial Misconduct in ongoing case in Ninth Circuit." Dkt. Nos. 17, 22, 23. The "judicial misconduct" plaintiff refers to is detailed in an email he delivered to the Ninth Circuit. There, plaintiff alleges the undersigned Judge has a conflict of interest, "ignored" plaintiff's motions, and "ignored an order from the Ninth Circuit…but attempted to pass judgment on case before issue was resolved." Dkt. No. 17-1. Plaintiff's claims are without merit.

Plaintiff's belief that the undersigned Judge has a conflict-of-interest stems from an Order of Recusal filed at Dkt. No. 7 in the case *Austin v. Kemper*, 21-cv-3208-SI on May 12, 2021. But as the ECF caption and the document itself makes clear,[1] the Order of Recusal was intended to be filed in *Oracle v. Envisage Technologies*, 21-cv-03540 (May 12, 2021), a different case. The filing in plaintiff's *Austin v. Kemper* case was in error and thus has no bearing on plaintiff's motion.

Plaintiff's assertions that the Court "ignored" his motions and the Ninth Circuit are similarly without merit. The Court presumes plaintiff refers to this Court's denial of plaintiff's motion for a five-month extension to file an opposition to a motion to dismiss in *Austin v. Kemper*, 21-cv-3208-SI, Dkt. No. 90 (November 16, 2021). In that matter, the Court considered the arguments raised in plaintiff's motion and promptly exercised its discretion in denying the motion.

Even if an order denying a litigant's request for an extension of time could properly be presented to the Ninth Circuit as interlocutory appeal (it generally may not), a party must "obtain certification from both the district court and the court of appeals to bring an interlocutory appeal." *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Plaintiff failed to do so here. More importantly, interlocutory appeals "*shall not stay proceedings* in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b) (emphasis added). The Court's judgment in *Austin v. Kemper* was proper. Accordingly, plaintiff's motions for recusal and/or reassignment of case are **DENIED**.

---

[1] The filing was previously sealed. The Court has unsealed the document for plaintiff's benefit.

**3. Leave to Amend**

Plaintiff has not previously amended his complaint in this case. Accordingly, plaintiff may amend "as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) on December 15, 2021. Dkt. No 18. Therefore, plaintiff may file a first amended complaint as a matter of course by **January 5, 2022**. Fed. R. Civ. P. 6(a)(1) (on counting time). The motion is moot.

**4. Future Hearings**

In filing the pending motions with the Court, plaintiff contravened Local Rule 7-2(a) on four separate occasions[2] by attempting to schedule hearings "less than 35 days after filing of the motion." The relevant Rule provides:

> Time. Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, **all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion**. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

L-R 7-2(a). Plaintiff is hereby **ORDERED** to consult and follow the Local Rules in all future filings and proceedings before this Court.

**IT IS SO ORDERED**.

Dated: December 17, 2021

SUSAN ILLSTON
United States District Judge

---

[2] Specifically: (1) Motion for default judgment, filed 12/12/2021 and hearing set for 12/30/2021. Dkt. No. 15; (2) First motion to reassign case, filed 12/15/2021 and hearing set for 12/17/2021. Dkt. No. 17; (3) First motion for recusal and reassignment, filed 12/16/2021 and hearing set for 12/17/2021. Dkt. No. 22; (4) First motion to disqualify, filed 12/16/2021 and hearing set for 12/17/2021. Dkt. No. 23.