UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE JARVIS AUSTIN,

Plaintiff,

v.

ABC LEGAL,

Defendant.

Case No. 21-cv-09076-SI

**ORDER (1) GRANTING
DEFENDANT'S MOTION TO DISMISS
AND (2) GRANTING DEFENDANT'S
MOTION TO STRIKE**

RE: DKT. NOS. 18, 26, 27, 41

Before the Court is defendant ABC Legal's motion to dismiss George Jarvis Austin's complaint for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6), or in the alternative, a motion for a more definite statement.  Dkt. No. 18.  The Court previously determined that oral argument was not necessary to resolve the matter and vacated the hearing set for February 4, 2022 per Civil Local Rule 7-1(b).  Having considered the arguments raised in the parties' written submissions, the Court **GRANTS** ABC Legal's motion to dismiss the complaint.  Austin is granted leave to amend. The amended complaint is due no later than April 10, 2022.

Also before the Court is ABC Legal's motion to strike Austin's amended complaint. Dkt. No. 41.  The amended complaint was filed two months after defendant filed the motion to dismiss, or 40 days beyond the time allotted by Fed. R. Civ. P. 15(a)(1)(B).  Austin failed to request leave of Court to file an untimely amended complaint.  The Court accordingly **GRANTS** the motion to strike the untimely amended complaint and **VACATES** the hearing set for March 25, 2022.

United States District Court
Northern District of California

**BACKGROUND**

ABC Legal is in the business of providing process servers and other legal services to clients involved in litigation.  On November 22, 2021, George Jarvis Austin filed a complaint accusing ABC Legal—his putative former employer—of intentional employment discrimination, retaliation under Title VII, and breach of employment contract.  Dkt. No. 1 (Compl.).  As Austin describes it, he "took [a] position" at ABC Legal which paid "a decent wage," but "while working" there, he "experienced sabotage, intentional discrimination, and animus."  *Id*. at 5.

On December 15, 2021, ABC Legal filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted, and, in the alternative, to compel Austin to provide a more definitive statement.  Dkt. No. 18.  Shortly after ABC filed its motion, this Court issued an order (1) denying a premature motion for default judgment filed by Austin, (2) denying Austin's motion for recusal or disqualification of the undersigned,[1] and (3) informing Austin that, if he wished to amend the complaint in response to ABC Legal's motion, he may do so as a matter of course by January 5, 2022.  Dkt. No. 24.  Austin failed to file an amended complaint by the deadline.

Austin filed an untimely amended complaint on February 14, 2022, without requesting leave.  Dkt. No. 38.  *See* Fed. R. Civ. P. 15(a)(1)(B); 15(a)(2).  ABC Legal filed a motion to strike the amended complaint, which the Court will grant.[2]  Dkt. No. 41.  Thus, for the present motion, the Court only considers the initial complaint filed on November 22, 2021.

---

[1] On December 17, 2021, a few hours after the Court entered its order denying Austin's motions for recusal and disqualification, Austin filed a "Second MOTION to Disqualify Judge Due to Demonstrated Bias, Factual Lies on the Record, etc." Dkt. No. 26.  This second motion is identical to the initial motions at Dkt. Nos. 22 and 23.  The only difference is the addition of an attachment, captioned "Affidavit," which contains a copy of a judicial misconduct complaint filed with the Judicial Counsel of the Ninth Circuit.  Dkt. No. 26-1.  However, the allegations contained therein are identical to those raised in an email to the Ninth Circuit, a PDF of which Austin attached to the initial motion for recusal.  Dkt. No. 17-1.

Because the second motion is substantively identical to the first, the Court **DENIES** the second motion for the same reasons articulated at Dkt. No. 24 at 2.  Also on December 17, Austin filed a "First MOTION for Declaration of Mistrial," which contains the same arguments raised in his prior motions for recusal and disqualification.  Dkt. No. 27.  The motion for "Declaration of Mistrial" is also **DENIED**.

[2] The amended complaint apparently abandons the position that Austin was ABC Legal's employee, and instead alleges that Austin was a *customer* of ABC Legal's services and that ABC Legal wronged him by refusing to tender services.  Dkt. No. 38 at 8, 11, 12.  The Court is unsure what to make of this departure.  However, the Court need not resolve the factual sufficiency of the amended complaint at this time, as it was not timely filed and is accordingly **STRICKEN** per ABC Legal's motion at Dkt. No. 41.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires that the plaintiff allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. When deciding whether a complaint satisfies federal pleading standards, courts must accept as true all factual allegations in a complaint. *Iqbal*, 556 U.S. 678.  Notably, the presumption of truth does not apply to "threadbare recitals" of the legal elements of a cause of action.  *Id.*  Similarly, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" need to be accorded the presumption of truth when deciding a motion to dismiss.  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Because plaintiff is proceeding *pro se* in this case, the Court must "construe the pleadings liberally and [] afford the [plaintiff] the benefit of any doubt."  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, sufficient facts must still be alleged from which the Court can infer the existence of a plausible right of relief. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

**I. Sufficiency of Complaint**

The complaint alleges three causes of action stemming from Austin's stint as an employee at ABC Legal.  Based on a careful review of the complaint, the Court finds each cause of action deficient.

**1. Intentional Employment Discrimination**

To adequately plead intentional discrimination, a claimant must allege facts demonstrating that the defendant took a course of action "'because of,' not merely 'in spite of,' [the action's]

United States District Court
Northern District of California

adverse effects upon an identifiable group." *Ashcroft*, 556 U.S. at 677. The Court includes the entirety of Austin's employment discrimination claim below:

> ABC Legal's strange, and discriminatory conduct, singling out Plaintiff for inferior treatment, lack of communication, misinformation (seemingly to set him up for a negative consequence without correction or remedy, even though it was their own mistake(s)) and choices to violate policy, and their own standard operating procedures, evidence disparate treatment of Plaintiff (who disclosed protected statuses prior to entering contract with them). See Jauregui v. City of Glendale, 852 F.2d 1128,1134 (9th Cir. 1988) ("An individual suffers "disparate treatment" when ... "singled out and treated less favorably.... (prima facie case may he made "without any direct proof of discriminatory motivation."). ") See also McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1121-22 (9th Cir. 2004).. .simply...demonstrating that a discriminatory reason more likely than not motivated [is sufficient])). Compensatory, and punitive, damages are available for the harm inflicted by Defendant's discriminatory behavior. See Hemmings v. Tidyman's Inc., 285 F.3d 1174,1195 (9th Cir. 2002) Utilizing the statutorily defined minimum standards for first person claimant as a baseline against which disparate treatment can be measured, the Ninth Circuit has held in multiple cases that when factors indicate differential treatment liability ensues. See Pacific Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142,1158 (9th Cir. 2013) ("[Ninth Circuit] cases clearly establish that plaintiffs who allege disparate treatment under statutory anti-discrimination laws 'need not' demonstrate ... a similarly situated entity ...treated better.)

Dkt. No. 1 at 6-7. Based on the above-quoted text, the complaint fails to allege facts from which the requisite intent could be inferred. Elsewhere, the only facts presented in support of the discrimination claims are that Austin was (1) told "the wrong timeframe for completing a set of projects," (2) not given extensions on deadlines for completing work, and (3) received less than ideal communication from superiors at ABC Legal. Dkt. No. 1 at 5-6. No facts plausibly suggest that such actions were taken "because of" to Austin's race. Even absent direct evidence of discriminatory intent, a plaintiff may plausibly plead discriminatory intent by suggesting that "a similarly situated individual or entity outside of the plaintiff's protected group received more favorable treatment from the defendant." *Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1162 (W.D. Wash. 2016). However, the complaint here fails to identify any relevant comparator group of employees from which such an inference of favoritism could be derived.

Instead, the complaint presents vague factual assertions and legal conclusions—which the Court need not credit on a motion to dismiss. *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. Because the Court finds no factual basis in plaintiff's complaint for inferring discriminatory intent, plaintiff's discrimination claims are inadequately pled.

### 2. Title VII Retaliation

To establish a claim of retaliation under Title VII, "a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir.2007). The complaint alleges:

> Plaintiff was Retaliated against by Defendant ABC Legal for engaging in Constitutionally protected activity, and alerting the company that there was misinformation provide by them, or their company representatives, causing detriment to him and his safety. [ ]Instead of a proactive response, or even a response at all Plaintiff was retaliated against to his detriment, and against company policy, and the law.

Dkt. No. 1, at 7. The complaint fails to allege adequate facts as to each element. First, the complaint fails to specify what "protected activity" forms the basis for the claim. *See, e.g., Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) ("Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to 'oppose[ ]' an employer's discriminatory practices."). Second, the complaint fails to specify the adverse employment action. To the extent that the alleged "inexplicable, and without explanation, pause on [Austin']s workflow/assignments" constitutes the claimed adverse action, Dkt. No. 1 at 6, such assertions are too vague to provide adequate notice. Third, the complaint fails to plausibly allege the required causal link between any protected activity and any adverse employment action. Accordingly, the complaint fails to state a retaliation claim.

### 3. Breach of Contract

To prevail on a breach of contract claim, a plaintiff must establish the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado* 158 Cal.App.4th 1226, 1239 (2008). The complaint alleges that the contractual breach

> is multifold in that Plaintiff was provided initial misinformation, based on the companies response to that apparently intentionally, to set up for a negative consequence. The follow

United States District Court
Northern District of California

up negative response pattern, at times apparently intentionally insulting, discriminatory, or threatening by member of their team, to the point I had to ask whether that person was "OK?" demonstrates breaches to the letter and spirit of the contract.

Dkt. No. 1, at 9.  The complaint fails to allege facts as to each required element.  First, the complaint fails to allege facts supporting a reasonable inference that an employment contract exists.  *See Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 402 (2015).  Second, the complaint fails to specify what was expected of Austin under the putative employment contract, and whether he performed accordingly.  Third, the complaint fails to allege defendant's breach of the contractual terms.   Merely asserting that ABC's "discriminatory, negligent, and retaliatory conduct and communication (or intentional non-communication to Plaintiff's detriment) is in breach of their own contract with Plaintiff," Dkt. No. 1 at 8, does not suffice to show breach *per the terms* of the putative employment contract.  Finally, the complaint fails to allege damages.  Accordingly, the complaint fails to state a breach of employment contract claim.

For the foregoing reasons, the Court will **GRANT** ABC Legal's motion to dismiss the entirety of Austin's complaint for failure to state a claim.  Austin may cure the factual deficiencies identified above by filing an amended complaint no later than April 10, 2022.

## CONCLUSION

The Court **GRANTS** defendant's motion to dismiss as to all claims.  Plaintiff is granted leave to amend by April 10, 2022.  The Court also **GRANTS** defendant's motion to strike the untimely amended complaint.

**IT IS SO ORDERED**.

Dated:  March 22, 2022

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

6