United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ABC LEGAL,<br><br>    Defendant. | Case No. 21-cv-09076-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. Nos. 61, 64, 65 |

Two motions are before the Court. First, a motion to dismiss (or in the alternative, for a more definite statement) pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a) filed by defendant ABC Legal. Dkt. No. 61. Second, a motion for judgment as a matter of law filed by plaintiff George Jarvis Austin. Dkt. No. 64. Oral argument for the dismissal motion was scheduled for May 13, 2022; this Court determined that the matter could be resolved on the papers alone and thus vacated the hearing pursuant to Civ. L-R 7-1(b). Dkt. No. 73. The Court similarly concludes plaintiff's motion for judgment as a matter of law may be determined without oral argument and so **DENIES** plaintiff's scheduling request. Dkt. No. 65. For the reasons set forth below, the Court **DENIES** plaintiff's motion for judgment as a matter of law and **GRANTS** defendant's motion.

Dismissal is with leave to amend.

## BACKGROUND

### 1. Factual Allegations

The Court presumes true the following facts from plaintiff's Second Amended Complaint, filed *pro se* on March 29, 2022. Dkt. No. 58 ("SAC").

On September 20, 2020, Austin established an online user account with ABC Legal Services, Inc., a company that provides litigants with process-servers for hire. SAC at 8. *But see id.* at 22 (account opened on "September 2021"). Afterwards, Austin spoke via phone and email with two ABC Legal employees to "explore services, options, costs, etc." *Id*. Austin alleges that at some unspecified point in the future, ABC Legal "discriminatorily" suspended his online account, terminated his existing contracts, and blocked him from purchasing additional services. *Id*. at 12, 14. Seeking to regain access to his account, Austin alleges he called technical support, who informed him that they had "never seen anything like that on my account and had no way of opening it from her side…but couldn't provide a reason for the signling [*sic*] out." *Id*. at 37, 14.

The SAC asserts that the "strangest aspect" of the ordeal "is ABC Legal's refusing to fully explain the refusal of service." *Id*. at 13. The SAC speculates: "what they effectively did, via words or conduct, was make it appear like [Austin] did something illegal, falsely, and then use that to ban him." *Id*. at 37. The complaint does not state what Austin was falsely accused of doing, or how Austin came to learn of the existence of the alleged scheme to terminate his account. The complaint states:

> Plaintiff would provide more detail about their false statements, but Defendants kept intentionally broad, and without too much detail except that it was enough of an false accusation to trigger them shutting down account, blocking access, removal, and criminalizing (as if Plaintiff did something illegal as a paying customer). Yet, ABC's actions, based on their false allegations, clearly presume that illegal conduct occurred as there is no other justification for blocking service (and that is pretext).

*Id*. at 40. Based on the foregoing facts, the complaint presents two causes of action.

First, the SAC alleges intentional discrimination under 42 U.S.C. § 1981 and the California Unruh Act. The SAC alleges ABC Legal knew plaintiff was a black man due to "verified, and understood, both by Pictures (for ID verification) visual confirmation per prior appointments, and

via self-identification, and self-disclosed information in their system." *Id*. at 35. The SAC then asserts "ABC Legal intentionally discriminated against" Austin by treating him "in a differential, substandard, and intentionally discriminatory manner in comparison to every other customer." *Id*. at 4, 5. The SAC further alleges: "even examining complaints of their most disgruntled customers via yelp.com, they still haven't blocked their accounts which demonstrates unequal, and inferior disparate treatment." *Id*. at 23 (emphasis omitted).

Second, the SAC alleges common law defamation. As to the defamation claim, the SAC alleges employees at ABC Legal "accused [him] of criminal conduct," and their statements about this accusation "were published by multiple ABC Legal employees…in written and oral form (via phone, internal app communication, and email) to other employees, in their system, and repeated back to Plaintiff." *Id*. at 13, 20, 40.

**2.      Procedural History**

Austin first filed this lawsuit on November 22, 2021. Dkt. No. 1. The initial complaint was notably different from the present one; it alleged employment retaliation and discrimination under Title VII against ABC Legal. *Id*. at 6-9. On December 15, 2021, ABC Legal filed a motion to dismiss. Dkt. No. 18. That same day, Austin requested leave to file an amended complaint. Dkt. No. 20. The Court informed Austin he could file an amended complaint as a matter of course no later than January 5, 2022 per Fed. R. Civ. P. 15(a)(1)(B). Dkt. No. 24. Austin missed the deadline by over one month, and filed an amended complaint on February 14, 2022 without obtaining leave of court or ABC Legal's written consent. Dkt. No. 38. ABC Legal moved to dismiss or strike the First Amended Complaint.

In an omnibus order addressing ABC Legal's motions and various duplicative motions filed by Austin requesting the disqualification of the undersigned and a declaration of a mistrial, the Court (1) struck the untimely First Amended Complaint, and (2) dismissed the initial complaint for failure to state a claim. Dkt. No. 55. The Court gave Austin leave to file another amended complaint no later than April 10, 2022. *Id*.

Austin filed the present Second Amended Complaint on March 29, 2022. Dkt. No. 58.

Austin then proceeded to file various "amended documents" which sought, for example, to raise damages claimed from $3,000,000 to $4,000,000. Dkt. Nos. 60, 72, 74.[1] Austin then filed a motion for judgment as a matter of law on April 16, 2022, along with three "affidavits." Dkt. No. 64 (motion); Dkt. Nos. 68, 69, 70 ("affidavits").[2]

**LEGAL STANDARD**

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), by alleging facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not require "heightened fact pleading of specifics," but plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

A court reviewing a complaint under Rule 12(b)(6) must accept as true all factual allegations in a complaint, but need not accept as true mere "threadbare recitals" of the legal elements of a cause of action. *Iqbal*, 556 U.S. 678. Similarly, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not presumed true. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). For *pro se* pleadings, the court must "construe the pleadings liberally and [] afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, sufficient facts must still be alleged from which the Court can infer the existence of a plausible right of relief. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

---

[1] As the Court has not granted Austin leave to file such supplemental materials, the "amended documents" at Dkt. Nos. 60, 72, 74 are **ORDERED STRICKEN** from the record.

[2] "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008). As no trial has occurred, the Court finds Austin's motion premature and will **DENY** it on that basis.

4

# DISCUSSION

## 1. Race Discrimination Claim – Section 1981 and Unruh Act

Section 1981 "proscribe[s] discrimination in the making or enforcement of contracts against, or in favor of, any race." *Gratz v. Bollinger*, 539 U.S. 244 (2003). To state a Section 1981 claim, plaintiffs must plead that they: (1) are a member of a protected class, (2) attempted to contract for certain services, and (3) were denied the right to contract for those services. *Lindsey v. SLT Los Angeles*, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006). A plaintiff must also plead a fourth element: "services remained available to similarly-situated individuals who were not members of the plaintiff's protected class." *Id*. See also *York v. JPMorgan Chase Bank, Nat'l Ass'n*, No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *2 n. 4 (D. Ariz. Aug. 13, 2019) (collecting cases indicating "the greater weight of Ninth Circuit authority" requires the fourth element). "If the plaintiff satisfies the initial burden of establishing a *prima facie* case of racial discrimination" under these four factors, "the burden shifts to the defendant to prove it had a legitimate non-discriminatory reason for the adverse action." *Lindsey*, 447 F.3d at 1143.

The SAC fails to state a *prima facie* case of intentional discrimination under section 1981. The SAC adequately pleads: (1) Austin is a member of a protected class, (2) he attempted to contract for a process server, and (3) he was denied the right to contract for those services. However, the SAC does not adequately plead that "similarly-situated individuals who were not members of the plaintiff's protected class" were not denied the right to contract for those services. The SAC's allegation that ABC failed to terminate the accounts of various "disgruntled customers" who submitted reviews on yelp.com fails to plead the protected-class status of those customers or provide a factual basis from which to infer that those customers were not denied rights to contract for ABC Legal's services.

The California Unruh Act imposes a more stringent burden, requiring a plaintiff to "plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 854 (2005) (quoting *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991)). This means that a plaintiff must "state in their complaint nonconclusory allegations setting forth evidence of unlawful intent." *Grier v.*

5

*Brown*, 230 F. Supp. 2d 1108, 1120 (N.D. Cal. 2002) (analogizing from the subjective intent requirement of § 1983). "A disparate impact analysis or test does not apply to Unruh Act claims." *Koebke*, 36 Cal. 4th at 854.

Here, the SAC fails to put forth nonconclusory allegations that ABC Legal acted with discriminatory intent as required by the Unruh Act's pleading standards. Strongly worded allegations that Austin was "treated in an inferior, and criminal manner, that echoes, smacks and rhymes in racial epithets, and discriminatory prejudgment" are still conclusory allegations, and therefore do not satisfy Austin's burden under to plead unlawful intent.

The intentional discrimination claims under both state and federal law are dismissed.

**2.     Defamation Claim**

In California, the tort of defamation "involves (a) a publication [of a statement] that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645, (1999) (citing Cal. Civ. Code §§ 45, 46). "The general rule [in California] is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 31 (2007) (citations omitted) (allegation that defendant "misstated the content of unspecified communications between him and [plaintiff-doctor] relating to unspecified procedures that he performed is a paradigm of vagueness"). *See also, Indus. Waste & Debris Box Serv.*, *Inc. v. Murphy*, 4 Cal. App. 5th 1135 (2016) (quoting *Comstock v. Aber,* 212 Cal.App.4th 931, 948 (2012)) (conclusory assertions that "unidentified defendants made 'numerous' unspecified 'false statements' about plaintiff's business" are inadequate to state a defamation claim). Similarly, "[t]o plead defamation in federal court, a plaintiff generally must specify when and where the statement was published. Otherwise, the claim may be too vague to give adequate notice to the defendant of the claim he must contest." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1153 (5th Cir. 2021).

6

Here, the SAC fails to "specifically" identify the false statements made about Austin. *Gilbert*, 147 Cal. App. 4th 31. In tacit recognition of this shortcoming, the SAC remarks that Austin "does not have access to specific false accusation that is actually listed in their system, but multiple employees repeated the same generalized false allegation as a basis for account closure." SAC at 40. However, if it is true that ABC Legal employees "repeated back to [Austin]" the allegedly false statements, SAC at 40, the SAC ought to plead "verbatim" the words constituting that communication. *Gilbert*, 147 Cal. App. 4th 31. The SAC further fails to "specify when" the alleged statements were made or published. *Mandawala*, 16 F.4th at 1153.

The defamation claim is dismissed.

## CONCLUSION

The Court finds the SAC factually deficient as to both asserted causes of action. Dismissal will be with leave to amend. The initial complaint presented facts and claims materially different from the claims later presented in the First Amended Complaint and the subsequent Second Amended Complaint. Because the Court's dismissal of the First Amended Complaint was based on that complaint's untimeliness, evaluation of the factual sufficiency of the claims presented therein has not occurred until the present motion to dismiss the Second Amended Complaint. Because the Court cannot conclude that leave to amend would be futile, leave to amend is granted.

Plaintiff must submit an amended complaint no later than June 6, 2022.

**IT IS SO ORDERED**.

Dated: May 20, 2022

_____
SUSAN ILLSTON
United States District Judge