UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>         Plaintiff,<br><br>   v.<br><br>ABC LEGAL,<br><br>         Defendant. | Case No. 21-cv-09076-SI<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 90, 91 |

The Court entered final judgment in the above-captioned case on May 31, 2022. Dkt. No. 89. Before the Court is plaintiff's motion for an extension of time to file a notice of appeal beyond the 30-day period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A). Dkt. Nos. 90, 91 (plaintiff's motions). Plaintiff's motion states, in full:

> Plaintiff, Mr. George Jarvis Austin, notes the lower court's errors in judgment, and moves for additional time to Appeal due to temporary constraints on this portion of my budget. Mr. Austin also realized a potential need for a bit more time around the holidays and moves for a slightly later date in December [2022] instead of November.

Dkt. No. 91 (the motion at Dkt. No. 90 contains only the first sentence from the above passage).

F.R.A.P. 4(a)(5)(A) permits district courts to extend the time to file a notice of appeal beyond the original 30 day post-judgment period if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." F.R.A.P 4(a)(5)(A). Although the rule "refers to both 'excusable neglect' and 'good cause,' an extension for good cause is only applicable where a motion is filed before the expiration of the original appeal period." *Thorn v. BAE Sys. Hawaii Shipyards, Inc.*, No. CIV 08-00058 JMS/BMK, 2009 WL 274507, at *2 (D. Haw. Feb. 2, 2009) (citing *Oregon v. Champion Int'l*

*Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982)).[1] "[C]ourts have found that difficulties ... such as prison transfers, confinement in segregated housing units, and/or limited access to legal materials, especially when considered in light of their *pro se* status, constitute 'good cause' for purposes of Rule 4(a)(5)." *Momoh v. Valenzuela*, No. LACV0906770VBFCW, 2015 WL 13037530, at *2 (C.D. Cal. Apr. 13, 2015) (quoting *Levesque v. Clinton County*, 2014 WL 2090803, *2 (N.D.N.Y. May 19, 2014)).

Plaintiff filed his motion before the expiration of the original appeal period. However, the motion fails to show that "temporary constrains on this portion of [plaintiff's] budget" or the demands of the holiday season constitute verifiable or plausible good cause for extending the filing deadline by six months to December 2022. *See Grow v. Garcia*, 459 F. App'x 678, 679 (9th Cir. 2011) (district court did not abuse its discretion when concluding that "counsel's last-minute excuse regarding computer problems was manufactured, unverifiable, or implausible, and that it failed to establish either good cause based on events beyond counsel's control or otherwise constitute excusable neglect.").

The motion for an extension of time is **DENIED**. Notice of appeal is due no later than June 30, 2022.

**IT IS SO ORDERED**.

Dated:   June 7, 2022

_____
SUSAN ILLSTON
United States District Judge

---

[1] Conversely, "excusable neglect" is retrospective and looks to: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).