UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ABC LEGAL,<br><br>    Defendant. | Case No. 21-cv-09076-SI<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>Re: Dkt. No. 100 |

On May 31, 2022 the Court dismissed plaintiff's Third Amended Complaint with prejudice and entered final judgment in this case. Dkt. No. 88 (dismissal), 89 (judgment). On June 22, 2022, plaintiff filed a one-sentence "Motion for Correction, Leave to Appeal, Alter Judgment." Dkt. No. 94. The Court denied that motion as it failed to state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b). Dkt. No. 98. On August 31, 2022, plaintiff filed a new "Motion for Reconsideration (as Judgment is Wrong) with Additional details, and information as the District Court requested,"[1] and set it for hearing on November 4, 2022. Dkt. No. 100. The Court finds this matter suitable for decision without hearing, pursuant to Local Rule 7-1(b), and VACATES the November 4, 2022 hearing.

Although plaintiff does not identify the legal basis for his motion, the Court liberally construes plaintiff's motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b).[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting requirement that pro se filings be liberally construed). Rule 60(b) permits relief for reasons including "mistake, inadvertence,

---

[1] The Court did not request additional details.

[2] Plaintiff's motion would not be proper under Rule 59 because Rule 59 motions must be filed within 28 days of judgment. Fed. R. Civ. P. 59(e).

surprise, or excusable neglect." The Court further liberally construes plaintiff's motion as one for relief based on mistake of law. *See Kemp v. United States*, 142 S. Ct. 1856, 1865 (2022) (holding that "mistake" as used in Rule 60(b) encompasses nonobvious legal errors).

Although the 134-page motion contains many pages of quotes and irrelevant material, plaintiff does make several arguments, which the Court addresses in turn.

First, plaintiff argues that the "wrong pleading standard was applied." Dkt. No. 100 at 41. But rather than describe which pleading standard plaintiff believes should have been used, plaintiff says the plausibility standard was "surpassed." This argument is rejected. As discussed at length in the Court's order dismissing plaintiff's second amended complaint, plaintiff failed to adequately plead nonconclusory allegations that he ABC Legal acted with discriminatory intent. *See* Dkt. No. 77 at 6. Plaintiff's renewal of his conclusory allegations did not cure this failure. *See* Dkt. No. 88 at 2. Nor has plaintiff made any coherent argument that the Court applied the wrong pleading standard.

Second, plaintiff argues that "all the elements of intentional discrimination . . . are met." Dkt. No. 100 at 46. This argument is without merit. As explained in the Court's orders dismissing plaintiff's second and third amended complaints, plaintiff failed to make non-conclusory allegations that ABC Legal acted with discriminatory intent. *See* Dkt. No. 77 at 6; Dkt. No. 88 at 2.

Third, plaintiff argues that the judgment is "wrong" and ignores evidence. Dkt. No. 100 at 55. The Court did not ignore evidence; indeed, evidence is not required at the motion to dismiss stage. Plaintiff failed to adequately plead facts supporting his claims.

Fourth, plaintiff argues that the "stigma" caused by discrimination against him "is not only cognizable harm in itself, but defamation per se." Dkt. No. 100 at 55. Plaintiff failed to allege any specific defamatory statements; his defamation claim was therefore correctly dismissed. Dkt. No. 77 at 7. He failed to cure this deficiency. Dkt. No. 88 at 2. Plaintiff's argument that he correctly pled defamation is without merit.

///

Because plaintiff's arguments are meritless, plaintiff's motion is **DENIED.** Further, plaintiff is admonished against filing any further motions in this closed case.

**IT IS SO ORDERED**.

Dated: October 25, 2022

_____
SUSAN ILLSTON
United States District Judge